UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **International Union of Operating Engineers, Local 18,** | ) ) ) | **CASE NO. 1:14 CV 1673** |
| Plaintiff, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) ) | |
| **Ohio Contractors Association,** | ) ) | **Memorandum of Opinion and Order** |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion for Judgment on the Pleadings. (Doc. 24) The issue herein is whether the pleadings establish that a dispute between the parties is subject to an arbitration provision in their collective bargaining agreement. For the following reasons, the motion is DENIED.

### Facts

Plaintiff International Union of Operating Engineers, Local 18 (hereafter, plaintiff or the Union) filed this Complaint[1] against defendant Ohio Contractors Association (hereafter,

---

[1] The original pleading was entitled Petition to Enforce Arbitration Agreement.

defendant or OCA) in the Cuyahoga County Court of Common Pleas. The matter was removed on federal question jurisdiction.

The First Amended Complaint alleges the following. Plaintiff is a labor organization representing operating engineers who operate the equipment, technology, and machinery used in all aspects of Ohio's building, construction, and heavy highway industry. Defendant is a business and trade association representing the interests of a constituency of employers engaged in the heavy highway and utility construction industry. For over 40 years, these parties have negotiated a continuous series of collective bargaining agreements commonly referred to in the industry as the Highway Heavy Agreement. The current agreement, effective May 8, 2013 (hereafter, the CBA), is attached to the First Amended Complaint.

The CBA, at Paragraph 108, contains a grievance and arbitration provision to settle any differences that arise concerning its interpretation or application. (Ex. 1 at pages 41-43) Exhibit A to the CBA (entitled Wage Classification and Rates of Pay) identifies and provides specific alphabetically identified rates of pay for operating engineers employed to assemble, operate, maintain, and repair all types of equipment, technology, and machinery used in Ohio's heavy highway and utility construction industry. Certain types of equipment are specifically identified. Under Paragraph 30 of the CBA, if equipment within the jurisdiction of the Union is used by an OCA employer and there is not an appropriate classification for it listed in Exhibit A, the Union may request that the OCA meet to negotiate a new classification and rate of pay for that equipment. Paragraph 30 also provides that if the parties fail to reach an agreement on a new classification and rate of pay, the dispute will be referred to Step 4 of the CBA's grievance procedure which provides for final and binding arbitration.

Brokk™© Type remote controlled equipment, technology, and machinery is equipment within the jurisdiction of the Union. Over the course of the last 12 months, OCA contractors have employed Union members to use this equipment. There is no classification for Brokk™© Type remote controlled equipment in Exhibit A. On January 29, 2014, the Union requested that OCA meet to negotiate a classification and corresponding rate of pay for Brokk™© Type remote controlled equipment. On March 18, 2014, the OCA informed the Union that it was refusing to meet. On March 19, 2014, the Union served the OCA with written notice that in accordance with Paragraph 30 of the CBA, it was submitting the dispute to the Step 4 grievance procedure. On May 8, 2014, the OCA formally advised the Union that it was refusing to submit the parties' dispute to that procedure.

In its Answer to the Amended Complaint, defendant admits that Union members have operated the Brokk™© Type remote controlled equipment on a non-exclusive basis and that this equipment is not specifically identified in Exhibit A. It informed plaintiff that its request for arbitration regarding the classification and wage rate for the equipment was improper.

This matter is now before the Court upon plaintiff's Motion for Judgment on the Pleadings.

### **Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be

3

granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007).

### **Discussion**

Plaintiff argues that defendant must be compelled to arbitrate the dispute concerning the proper classification and wage rate of the Brokk equipment, technology, and machinery because the CBA's broad arbitration provision contained in Paragraph 108 and specific provision contained in Paragraph 30 cover the dispute.

Paragraph 108 states, "Should a dispute arise among any of the parties, (Employee, Employer, Association and/or Union) to this Agreement as to its meaning, intent or application of its terms, the dispute will be settled in accordance with the following grievance procedure:..." Three intermediary grievance steps are set forth, culminating in final and binding arbitration at Step 4.   There is no doubt, plaintiff asserts, that the Brokk dispute concerns the meaning, intent, or application of the CBA, specifically Paragraph 30, as discussed immediately below, as well as Paragraph 29 ("The purpose of this Agreement is to establish wage rates and conditions to apply for all work as defined herein and for operation of all equipment which comes under the jurisdiction of [the Union]..."), and Article VI (addressing wage rates in terms of their hourly, daily, or weekly rates of pay.)

Plaintiff contends that Paragraph 30 confers arbitration upon the Brokk dispute by specifically addressing disputes concerning the inclusion, classification, and wage determination for "new equipment."  That paragraph states:

> Exhibit A covering wage rates and classifications attached hereto, is made a part of this Agreement.  If equipment within the jurisdiction of the [Union] is used by an Employer and there is not an appropriate classification listed under the wage schedule herein, either party may request the other party to meet to negotiate a new classification and rate of

> pay. ... If no agreement can be reached on a new rate, the dispute will be referred immediately to Step 4 of the Grievance Procedure...

Plaintiff points out that it is undisputed that the CBA does not contain a classification and corresponding rate of pay for Brokk equipment, and that the Union attempted to negotiate the dispute.

For the following reasons, the Court does not find that plaintiff is entitled to judgment on the pleadings.

Defendant contends that the CBA does not provide for arbitration of the alleged dispute.[2] Based on the pleadings construed in its favor, defendant asserts that Paragraph 30 does not compel arbitration over the Brokk equipment.  Defendant points out that Paragraph 30 is only applicable if the equipment is "within the jurisdiction of the Union." The Amended Complaint alleges that the Brokk equipment is within the jurisdiction of the Union.  (¶ 14) But, defendant denies this allegation.  (Answer ¶ 14) Accepting defendant's averment as true, Paragraph 30 does not apply because the equipment is not within the jurisdiction of the Union.

Additionally, under the CBA's table of contents, Paragraph 30 is entitled, "New Equipment Rate."  Thus, defendant asserts that Paragraph 30 applies to new equipment. Plaintiff assumes in its motion that the Brokk equipment is new equipment because it is not listed in Exhibit A to the CBA. However, the First Amended Complaint does not allege that this

---

[2] Defendant also points out that plaintiff filed an identical case involving a different piece of equipment- the Hydro Excavator.  Case No. 1:14 CV 1672.  The cases, involving the same parties, were filed on the same day, as were the First Amended Complaints.  On December 19, 2014, Judge Polster issued a Memorandum of Opinion and Order granting defendant's Motion to Dismiss. Judge Polster determined that Hydro-Excavators were not "within the jurisdiction of the Union" and, therefore, the OCA was not required to submit to binding arbitration. The case is currently on appeal.

5

equipment is new, and alleges that OCA contractors have employed Union members "over the course of the last twelve months" to use the equipment.[3] (¶15) Defendant's Answer admits that Union members have operated the Brokk equipment "on a non-exclusive basis." (Answer ¶15) Thus, accepting the averments of the Answer as true, other employees, not members of the Union, have also operated the Brokk equipment. As such, the pleadings do not establish that the Brokk equipment is new equipment subject to Paragraph 30. [4] Defendant also maintains that as the CBA was only effective as of May 8, 2013, and the Union sent its formal request for arbitration on January 29, 2014, "it appears" the equipment was in use prior to or around the time the CBA was negotiated. As such, the Union could have negotiated a rate of pay and classification for the equipment during negotiations for the CBA. The Court cannot establish such based on the pleadings.[5]

Defendant points out that the Union never sought to compel arbitration pursuant to Paragraph 108. Additionally, defendant maintains that the broad provision of Paragraph 108 is not applicable because this dispute does not concern a "grievance." Defendant notes that Paragraph 108 begins at Step 1 which provides, "The aggrieved employee shall first take up his/her grievance orally with the Employer's Supervisor or Representative..." Moreover, the

---

[3] The original complaint, filed July1, 2014, contained the same allegation.

[4] Plaintiff's further arguments regarding the issue of substantive or procedural arbitrability will not be decided on a motion for judgment on the pleadings.

[5] Defendant notes that Paragraph 4 of the CBA is entitled "Jurisdiction, Work" and does not list the Brokk equipment. On this basis, defendant asserts, it is not within the Union's "jurisdiction" and Paragraph 30 is inapplicable. Plaintiff argues that defendant's interpretation is faulty. Again, the Court will not reach this argument at this juncture.

Union never filed a "grievance," but served a written notice in accordance with Paragraph 30 seeking arbitration.  Plaintiff asserts that the CBA is not limited to disputes arising between employers and employees.  Nonetheless, the Answer denies the First Amended Complaint's allegation that Paragraph 108 is applicable to "settle any differences that arise concerning the interpretation or application" of the CBA.  (Answer ¶ 10) Additionally, plaintiff does not allege that this dispute is a "grievance."  Thus, the Court is unable to conclude that the pleadings establish Paragraph 108's applicability.[6]

Plaintiff points out that the law requires that a dispute be specifically excluded from the broad reach of Paragraph 108 to avoid the dispute being considered substantively arbitrable. *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.,* 706 F.2d 155 (6th Cir. 1983).  Plaintiff contends that there is no affirmative language in the CBA excluding this dispute.  Defendant, however, points to Paragraph 109 which states, "The Arbitrator shall have no power to add to, subtract from, or modify any of the terms of this Agreement."  Defendant contends that this paragraph prohibits an arbitrator from doing what the Union seeks here- adding a new classification and rate to the CBA. Plaintiff disputes that this is an express provision excluding the Brokk dispute from Paragraph 108's arbitration and argues that Paragraph 109 provides conditions only as to the scope of an arbitration award, not as to the scope of the arbitrability of the dispute.  This issue cannot be settled based on the pleadings where the Answer denies that this dispute is an issue referable to arbitration (Answer ¶ 24) and that the dispute is subject to Paragraph 108, Step 4. (Answer ¶ 26).

---

[6]  Defendant also disputes that Paragraph 29 and Article VI are at issue, making Paragraph 108 applicable.  The Court will not decide this on a motion for judgment on the pleadings.

For these reasons, the Court cannot conclude that the pleadings establish that arbitration must be compelled.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Judgment on the Pleadings is denied.

IT IS SO ORDERED.

                                                   /s/ Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge

Dated: 6/3/15